[No. 14613-8.  Division Three.  March 21, 1996.]

SHIRLEY D. KEENAN, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

---

*Robert A. Dunn, Deborah G. Hander,* and *McCormick Dunn & Black, P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Philip M. Ferester, Assistant;* and *John D. Knodell III, Prosecuting Attorney,* and *Stephen J. Hallstrom, Deputy,* for respondent.

MUNSON, J. — Shirley Keenan appeals from a superior court judgment affirming the Employment Security Department denial of her claim for unemployment benefits. She contends the evidence was insufficient to support a finding she was disqualified by reason of employment-related misconduct and the court should have remanded to permit her to present newly discovered evidence. We affirm.

Ms. Keenan was employed by the Grant County District Court as the court administrator beginning in October 1989. Her relationship with one of the judges began to deteriorate and in November 1991, she filed a complaint against him with the Judicial Conduct Commission. In March 1992, her position was eliminated, and she accepted a lesser position as a clerk. In the next year there were allegations of several incidents involving misconduct by Ms. Keenan. In February and again in June 1993, Ms. Keenan's fellow employees signed letters complaining about Ms. Keenan's conduct.

On the morning of July 2, 1993, an incident occurred involving Ms. Keenan and another clerk, Jenny Gunderson. According to Ms. Gunderson, Ms. Keenan was stomping toward her, struck her somewhat forcefully with her shoulder, and kept on going. The force of the blow knocked Ms. Gunderson back into a filing cabinet. Two other clerks saw the incident and confirmed Ms. Gunderson's description. Both indicated Ms. Gunderson was trying to get out of Ms. Keenan's way when she was struck. Ms. Keenan denies the incident occurred.

On July 6, 1993, after the July 4th holiday, Ms. Keenan was notified she was suspended without pay. Her employment was later terminated. Her claim for unemployment compensation was denied. She filed an administrative appeal. After the hearing, the administrative law judge (ALJ) affirmed the denial, finding she had been discharged for willful misconduct. The commissioner of the Employment Security Department affirmed the ALJ's decision.

Ms. Keenan filed an appeal in Grant County Superior Court and moved for a remand based on newly discovered evidence. The newly discovered evidence consisted of two documents. The first was a letter from the Douglas County prosecuting attorney expressing her opinion the evidence was insufficient to prove fourth degree assault beyond a reasonable doubt. The second document was an order of reprimand by the Judicial Conduct Commission, relating to one of her employers, with supporting stipulation of facts and related documents. The court denied the motion for remand and affirmed the denial of benefits.

Ms. Keenan contends the commissioner erred in determining she was disqualified from receiving unemployment benefits because she had been discharged for misconduct and the court should have considered her newly discovered evidence.

An individual who has been suspended or discharged for misconduct connected with work is disqualified from receiving unemployment benefits. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 858 P.2d 494 (1993); RCW 50.20.060. Misconduct is defined by statute as "an employee's act or failure to act in willful disregard of his or her employer's interest where the effect of the employee's act or failure to act is to harm the employer's business." RCW 50.04.293. This statutory definition applies to "separations occurring after July 3, 1993." LAWS OF 1993, ch. 483, § 23.

First, Ms. Keenan argues her claim should be determined under the common law definition of misconduct because the alleged misconduct occurred prior to the effective date of RCW 50.04.293. This argument is contrary to the express terms of the legislation which establishes that the effective date of the statutory definition applies to separations, not misconduct, occurring after July 3, 1993. *See Tapper*, 122 Wn.2d at 408 n.7. It is undisputed Ms. Keenan was suspended on July 6, 1993.

Prior to enactment of RCW 50.04.293, the courts employed a test for work-related misconduct expressed in terms of violations of the employer's workplace rule. *See Tapper*, 122 Wn.2d at 408. This test is inapplicable here because Ms. Keenan's conduct did not violate a specific rule of the employer. *See Lawter v. Employment Sec. Dep't*, 73 Wn. App. 327, 334, 869 P.2d 102, *review denied*, 124 Wn.2d 1019 (1994).

Ms. Keenan also argues application of the statute to conduct which occurred prior to the effective date would constitute an unlawful ex post facto application of the statute. The sole case cited in support of this argument is *Washington Fed'n of State Employees Council 28 v. State*, 98 Wn.2d 677, 658 P.2d 634 (1983). That case involves legislative changes to state employees' pension plans in

violation of the Const. art. I, § 23, prohibition of laws impairing contract obligations. Ms. Keenan has provided no authority for treating unemployment benefits as a contract obligation. The ALJ correctly applied the statutory definition of misconduct to Ms. Keenan's unemployment benefits claim.

■ Next, she argues the commissioner erred in finding she was discharged as a result of the alleged misconduct which occurred on July 2. She claims the true cause was conduct cited by her employer the previous September and the ensuing conflict between her and her employer. The actual cause of an employee's discharge is a question of fact. *Lawter*, 73 Wn. App. at 333. The ALJ found she was terminated as a result of intermittent misconduct. Although there was evidence Ms. Keenan's relationship with her employers had deteriorated over the months before her discharge, the fact her misconduct immediately preceded suspension and provided sufficient grounds for suspension supports the inference the July 2 incident was the reason for her suspension on July 6.

Next, Ms. Keenan claims there was no evidence her conduct was willful and intentional. The statutory definition of misconduct requires evidence the employee acted "in willful disregard of his or her employer's interest . . . ." RCW 50.04.293. The testimony of three employees who witnessed the incident provides ample evidence Ms. Keenan saw Ms. Gunderson and could easily have avoided any physical contact. The evidence supports the ALJ's findings that Ms. Keenan's physical contact with another employee was intentional and willful.

Ms. Keenan contends the court erred in not remanding this matter for further proceedings to consider the opinion of a prosecutor, who concluded Ms. Keenan could not be successfully prosecuted for criminal assault, and the report of the Judicial Conduct Commission, which concluded her employer had shown a lack of impartiality regarding personnel and made derogatory remarks about them. Remand for consideration of additional evidence is

permitted if new evidence is available which relates to the validity of the agency action and could not reasonably have been discovered until after the agency action, and remand will serve the interest of justice. RCW 34.05.562(2).

■ Ms. Keenan has failed to show the newly discovered evidence would be relevant to these proceedings. There is no showing the prosecutor's opinion was based on any evidentiary facts which were not presented to the ALJ. The opinion is not helpful to the fact finder in understanding the evidentiary facts since the misconduct required to support denial of unemployment benefits need not rise to the level of criminal misconduct. *See* ER 702.

The ALJ's findings recite the history of the deteriorating relationship between Ms. Keenan and her employer, including the fact she filed a complaint with the Judicial Conduct Commission. Letters written by her fellow employees amply demonstrated the hostility between Ms. Keenan and the employees who testified against her. The report of the Judicial Conduct Commission would be merely cumulative.

The evidence Ms. Keenan sought to have considered would not affect the validity of the Department's denial of benefits and remand would not serve the interest of justice. The motion for remand was properly denied.

Affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.